UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Vincent G. J. Gaskins**, a disabled adult, *by and through his mother,* Julia Gaskins; <br> **John Doe Gaskins**, *by and through his mother,* Julia Gaskins; <br> **Jill Doe Gaskins**, *by and through her mother,* Julia Gaskins,  and <br> **John Doe Gaskins**, *by and through his mother,* Julia Gaskins, <br><br> Plaintiffs, <br><br> vs. <br><br> Sunoco Inc; <br> Mascot Petroleum; <br> Energy Transfer; <br> Sunoco Partners LLC; <br> Sunoco Logistics Partners LP, and <br> Sunoco Companies, <br><br> Defendants. | ) C/A No.  2:12-3287-DCN-BHH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis* and "on behalf of" three minors and one incompetent adult.  Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Julia Gaskins, the mother of three minors and one disabled adult, is having problems at work with new management and their responses to her pre-existing accommodations under the Americans with Disabilities Act.  She filed a separate case against Defendants in which she is the sole Plaintiff.  *Gaskins v. Sunoco, Inc.*, Civil Action No. 2:12-3288-DCN-BHH.  Ms. Gaskins filed this case "on behalf of" her children and alleges  that defendants are operating their businesses in violation of many federal laws and are harming her children "in retaliation to [her] complaints" by violating the children's "civil rights, including possible 24/7 surveilance [sic], stalking, invasion

of privacy etc. causing them great emotional distress." ECF No. 1 (Compl. 3). She seeks to "penalize the companies . . ." by receiving a "monetary settlement." *Id.* (Compl. 5).

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedur-al provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the *pro se* Complaint in this case

2

is subject to summary dismissal.

## DISCUSSION

The Complaint filed in this case should be summarily dismissed because it was not filed by an attorney, licensed to practice in this court.  There is nothing in any document filed in this case indicating that Ms. Gaskins is admitted to practice as an attorney.  Because she is not a licensed attorney, she does not have standing to bring suit on behalf of other persons or entities, including her children. *Estate of Kerner v. U. S.*, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990).  In the *Kerner* case, the court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'"  For example, it is well settled that a *pro se* litigant may not represent a minor in a civil action.  *See, e.g.*, *Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 60-61 (2d Cir. 1990).  "A non-attorney parent must be represented by counsel when bringing an action on behalf of a child."  *Knox ex rel. Chambers v. Hayward Unified School Dist.*, No. C-95-0144-VRW, 1995 WL 364156 (N.D. Cal. June 1, 1995)(collecting cases).

Although Ms. Gaskins may represent herself and her own *personal* interests without the assistance of legal counsel, she may not legally pursue the interests of another who is also not represented by licensed legal counsel.  Because the Complaint allegations do not disclose any personal interest of Ms. Gaskins in the claims asserted, other than as mother of Plaintiffs, this case should be summarily dismissed.  If Ms. Gaskins hereafter wishes to pursue any civil action in this court on behalf of her children, she may only do so if she is represented by licensed legal counsel.  *Myers v. Loudoun Cnty. Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case

*without prejudice.  See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v.*

*Williams*, 490 U.S. at 324-25.

      Plaintiff's attention is directed to the important notice on the next page.


                             s/Bruce Howe Hendricks
                             United States Magistrate Judge


November 28, 2012
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).